IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|   |   |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2416-CM |
| ) | |
| TONI M. LABES a/k/a TONI RIST a/k/a ) | |
| TONI BREDVICK a/k/a TONI SAVIANO ) | |
| and BENEFICIAL MORTGAGE ) | |
| COMPANY OF KANSAS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on the complaint of plaintiff, the United States of America ("plaintiff" or "the United States") (Doc.1) and on plaintiff's Motion For In Rem Judgment by Default Against Defendants with Affidavit Attached (Doc. 6). The United States appears by Eric F. Melgren, United States Attorney for the District of Kansas, and David D. Zimmerman, Assistant United States Attorney for said District. Defendants have not appeared. There are no other appearances.

The court, upon examining its files and pleadings herein, including the United States' affidavit attached to the Motion for In Rem Judgment, finds as follows:

1. The complaint was filed in this court on September 28, 2005. The court has subject matter jurisdiction of this matter and personal jurisdiction over the parties named in this action. Venue is proper in this court.

2. Defendant Beneficial Mortgage Company of Kansas, Inc. was personally served with a copy of the complaint and summons by a deputy of the Office of the United States Marshal on October 26, 2005 (Doc. 2).

3. Defendant Toni M. Labes a/k/a Toni Rist a/k/a Toni Bredvick a/k/a Toni Saviano (hereinafter "defendant Toni M. Labes") was personally served with a copy of the complaint and summons by a Deputy of the Office of the United States Marshal on November 7, 2005 (Doc. 3).

4. Defendants have failed to appear, plead, or otherwise defend herein within the time allowed, and default was entered by the Clerk of the Court against the defendants on January 3, 2006 (Doc. 5).

5. Neither plaintiff nor the court has information to indicate that either defendant is an infant or incompetent person or in the military service of the United States within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

6. Defendants are wholly in default and the United States is entitled to have default judgment entered in its favor against the defendants.

7. On April 15, 1998, defendant, Toni M. Labes, executed and delivered to plaintiff, acting through the Rural Housing Service, United States Department of Agriculture, a promissory note whereby she promised to pay plaintiff the sum of $57,500.00 with interest thereon at 6.75 percent per annum. As consideration for the note, plaintiff made a Rural Housing loan to defendant, Toni M. Labes, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, *et seq.*).

8. At the same time and place and as part of the same transaction, to secure payment of the note, defendant, Toni M. Labes, executed and delivered to plaintiff a purchase-money security interest in the form

of a real estate mortgage upon certain real estate in Seward County, Kansas, within the jurisdiction of this court, to-wit:

> Surface and Surface Rights only, in and to:
> The North Twelve and one-half feet (N 12 ½') of
> Lot Nineteen (19), and all of Lot Twenty (20),
> Block Twelve (12), PARKVIEW ADDITION to
> the City of Liberal, Seward County, Kansas,
> according to the recorded Plat thereof.

9. This real estate mortgage was filed for record on April 17, 1998, in the office of the Register of Deeds of Seward County, Kansas, in Book 492 at Page 363.

10. Plaintiff is the owner and holder of the promissory note and real estate mortgage.

11. Defendant Toni M. Labes has failed to pay plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage. Plaintiff has elected to exercise its option to declare the entire unpaid balance plus interest to be immediately due and payable and has made demand for said amounts. No payment has been received.

12. Pursuant to the Housing Act of 1949, as amended, 42 U.S.C. § 1490a, and the implementing regulations, 7 C.F.R. § 3550.162, the mortgage also secured the recapture of interest credit or subsidy granted to defendant Toni M. Labes. The total amount of interest credit or subsidy subject to recapture is $9,804.75.

13. Defendant Toni M. Labes now owes plaintiff, under the provisions of the promissory note and real estate mortgage, the sum of $61,322.89 principal; together with accrued interest on principal in the amount of $11,351.83 as of June 30, 2003; plus interest accruing thereafter at the daily rate of $11.3405 on principal; plus $9,804.75 interest credit or subsidy subject to recapture.

14.  No other action has been brought for the recovery of said sum or any part thereof, nor has said sum or any part thereof been paid.

15.  Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq.*, and all rules and regulations issued pursuant thereto.

16.  Less than one-third (1/3) of the original indebtedness secured by the mortgage was paid prior to default.

17.  Defendant Toni M. Labes has refused to make payment of said amounts due and is wholly in default under the terms of the promissory note and real estate mortgage, and the mortgage is subject to foreclosure.  Plaintiff is, therefore, entitled to the foreclosure of its mortgage and to have its mortgaged property sold to satisfy the debt, interest and costs constituting a lien on the property.

18.  Defendant Toni M. Labes' personal liability on the note and mortgage has been discharged in bankruptcy, therefore the judgment shall be *in rem*.

19.  The interests of all the defendants are junior and inferior to the interests of plaintiff.

20.  The security real estate has been abandoned.

**WHEREFORE IT IS ORDERED, ADJUDGED AND DECREED** that the findings of this court are hereby made the order of this court.

**IT IS FURTHER ORDERED** that the United States is granted judgment *in rem* against defendant Toni M. Labes, in the sum of $61,322.89 principal; together with accrued interest on the principal in the amount of $11,351.83 as of June 30, 2003; plus interest accruing thereafter at the daily rate of $11.3405 on principal; plus $9,804.75 interest credit or subsidy subject to recapture, plus post-judgment interest at the legal rate set forth in 28 U.S.C. § 1961, which is 4.66 %, plus

-4-

filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the future incurred.

**IT IS FURTHER ORDERED** that the United States is granted judgment foreclosing its mortgage on the subject real property.

**IT IS FURTHER ORDERED** that this judgment is a first and prior lien on the property herein described, the interests of defendant, Beneficial Mortgage Company of Kansas, Inc., if any, in the property are inferior to the United States' interest, and any interest this defendant may have in the subject real property is foreclosed.

**IT IS FURTHER ORDERED** that if the amount owing plaintiff is not paid within ten (10) days from this date, an order of sale directed to the United States Marshal for the District of Kansas shall issue upon proper motion being filed, commanding him to advertise and sell the described land and real estate at public sale at the front door of the Seward County Courthouse, Liberal, Kansas, as though taken on execution and without appraisal, and subject to confirmation of the sale by this court.

**IT IS FURTHER ORDERED** that plaintiff may bid up to the full amount due it at the time of the sale without paying funds into the court, which bid shall satisfy the requirement for a cash sale.

**IT IS FURTHER ORDERED** that out of the proceeds arising from the sale, there be satisfied in the following order, as far as the same shall be sufficient:

(1)  Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)  The costs of the sale and of this action;

(3)  The interest accruing on plaintiff's *in rem* judgment against defendant Toni M. Labes;

(4) Plaintiff's *in rem* judgment against defendant Toni M. Labes, which is also found to be a lien upon the subject real estate; and

(5) The balance thereof, if any, be brought into this court to await its further order.

**IT IS FURTHER ORDERED** that the real estate being foreclosed upon and sold herein shall be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive. As a default occurred before one-third of the original indebtedness secured by the mortgage was paid, the sale shall be subject to a redemption period not to exceed three months, pursuant to the provisions of Kan. Stat. Ann. § 60-2414, unless any rights of redemption are extinguished by the court or are otherwise waived by the defendants. The sale shall be subject to any unpaid real property taxes or special assessments.

**IT IS FURTHER ORDERED** that upon confirmation of the sale by this court, the United States Marshal for the District of Kansas shall issue a Certificate of Purchase to the purchaser, unless the redemption period of the defendants is extinguished by the court or is otherwise waived by defendants; in which event the United States Marshal shall issue a Sheriff's Deed to the purchaser. If the defendants' rights of redemption are not extinguished or waived, then upon expiration of the defendants' redemption period without redemption of the property, the Marshal shall issue a deed conveying the real estate upon presentation of the Certificate of Purchase. This deed shall convey the real estate to the holder of the Certificate of Purchase, and the defendants herein and all persons claiming by, through or under them, shall be forever barred and excluded of

any and all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

**IT IS FURTHER ORDERED** that if the purchaser of the real estate is denied possession thereof, a Writ of Assistance will issue out of this court upon the filing of a proper motion therefore and without further order of the court to place the purchaser of the real estate in peaceable possession thereof.

**SO ORDERED**.

Dated this 13th day of February 2006, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**

-8-